# Whitley County Fiscal Court et al. v. Whitley County.

June 18, 1940.

Flem D. Sampson, Judge.

C. B. Upton and Tye & Siler for appellants.

Walter Ray Smith and W. R. Henry for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

W. C. Hamlin, one of the appellants, was sheriff of Whitley county during the year 1937. The Whitley county fiscal court employed M. M. Criscillis, now master commissioner of the Whitley circuit court, to represent it in making final settlement with Hamlin. Criscillis' investigation showed that Hamlin owed the county $2,277.04. Hamlin refused to settle on this basis. He contended that the total amount of taxes said to be due the county was $1,817.55 more than the amount shown by the tax bills. Subsequent to its May 1938 term the fiscal court advised Hamlin that if he would pay the $2,277.04, and it was subsequently shown by the report of the State Inspector and Examiner that he had paid $1,817.55 in excess of the amount due, then the court would reimburse him for such overpayment. Pursuant to this alleged agreement, Hamlin paid the $2,277.04, though he did not sign the settlement prepared by Criscillis. The report of the State Inspector and Examiner

showed that Hamlin had paid $1,817.55 more than the amount shown by the sheriff's receipt for the tax bills. Accordingly Hamlin filed his claim with the fiscal court for $1,817.55. The court entered an order. allowing this claim and directed the county treasurer to pay it. Walter Ray Smith, county attorney of Whitley county, appealed to the circuit court from this order on behalf of Whitley county. The issues were joined, proof was taken and, over the objection of the appellants, the trial judge referred the matter to the master commissioner (Criscillis).

The last three paragraphs of the commissioner's report are as follows:

"After considering all of the evidence in this record, your Commissioner deemed it necessary and wise to make a re-check from the carbon copy of all tax bills remaining in the tax books, which were turned over to Ex-Sheriff Hamlin by the County Court Clerk. This your commissioner did with the assistance of Mrs. Della Sutton, who is a deputy County Court Clerk, familiar with the making of tax bills, and who assisted in making the tax bills originally before they were turned over to Ex-Sheriff Hamlin. The carbon copy of each and every tax bill was re-run and cross-checked by Mrs. Sutton and myself. After completing this re-check of the tax bills we found the total amount due Whitley County on all the tax bills turned over to the Ex-Sheriff by the County Court Clerk to be $37,128.70. The sheriff's settlement which is in question shows the recapitulation charge to be on $36,650.22. Deducting the amount Hamlin was charged with in the Sheriff's settlement, which was made from the recapitulation from the actual amount we found to be shown on the tax bills, he has collected an excessive amount of $478.48.

"Your Commissioner would further report that in his opinion the contention of the County Attorney, as Attorney for appellants is wrong in contending, that Ex-Sheriff Hamlin is now indebted to Whitley County in any sum, as the result of this settlement. If Ex-Sheriff Hamlin now has an excessive amount in the sum of $478.48, this erroneous and excessive charge rightfully belongs to probably many of the individual taxpayers of Whitley Coun-

ty, any one of whom would have a cause of action against Ex-Sheriff Hamlin for a refund, should his tax bill show that an overcharge existed. Certain Whitley County would not be entitled to any of this over-charge.

"In conclusion, your Commissioner recommends that the settlement as approved by the Whitley County Fiscal Court, with ex-Sheriff W. C. Hamlin for the year 1937, be adjudged by the court to be a correct, true, accurate, full and complete settlement of the taxes for the year 1937, due from the said W. C. Hamlin, as Ex-Sheriff of Whitley County."

The exceptions to the commissioner's report set forth that (1) the commissioner had erroneously used the second recapitulation approved by the Kentucky State Tax Commission as a basis for the settlement with Hamlin; (2) the commissioner erroneously found that there was an error in the tax bills when compared with the receipt signed by Hamlin; (3) it was error to refer to the amount of taxes going to the state, since this case does not involve such taxes; and (4) the commissioner failed to consider or give any weight to the settlement made by Hamlin with the fiscal court. It can be seen that the exceptions make no reference to the statement in the commissioner's report that a check of the carbon copies of the tax bills showed that Hamlin had collected county taxes amounting to $37,128.70. In this connection the receipt given Hamlin by the clerk showed that the tax bills amounted to $34,713.49. Upon submission of the case the trial judge overruled the exceptions filed to the commissioner's report and confirmed the report. It was further adjudged that the order of the fiscal court allowing Hamlin $1,817.55 be cancelled, set aside and held for naught. This appeal is being prosecuted from that judgment.

It is insisted that the receipt given by the sheriff to the county clerk for the tax bills, in accordance with Section 4239a of the Statutes, is conclusive as to the amount due by him, and that such a receipt is not subject to a collateral attack. It is not contended that there is no difference between the amount of the tax bills as receipted for by the sheriff and the second recapitulation as certified to the county clerk by the State Tax Commission. Under the circumstances, as pointed out in

Bush v. Board of Education of Clark County, 238 Ky. 297, 37 S. W. (2d) 849, it was necessary to determine the amount with which Hamlin, the sheriff, was properly chargeable. As said in the Bush case, that is shown by the recapitulation of the books of the county tax commissioner and the receipt for the tax bills executed by the sheriff to the county clerk. We have noted that the commissioner reported that he made an independent check of the carbons of the tax bills and found that Hamlin collected $37,128.70 in county taxes. As we interpret the exceptions to the report, this is not denied. We are convinced from the circumstances and conditions presented in the record that the ruling of the trial judge in refusing to allow the fiscal court to repay Hamlin the sum of $1817.55 was correct.

It is our conclusion, therefore, that the judgment should be and it is affirmed.